C.K. Lee, Esq., *to be admitted pro hac vice*
**LEE LITIGATION GROUP, PLLC**
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
Email: cklee@leelitigation.com

Ted. K. Lippincott (SBN: 283704)
**LEVINE & BLIT, LLP**
6300 Wilshire Blvd, Ste 1870
Los Angeles, CA 90048
Tel.: (310) 281-0100
Fax: (310) 281-0140
Email:tlippincott@levineblit.com

*Attorneys for Plaintiff, FLSA Collective, and the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VALENTIN CASTRO HERNANDEZ, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiff,<br><br>v.<br><br>HOT POT IRVINE 1 LLC<br>    d/b/a LITTLE SHEEP MONGOLIAN HOT POT,<br>HOT POT SACRAMENTO 1 LLC<br>    d/b/a LITTLE SHEEP MONGOLIAN HOTPOT,<br>JOHN DOE CORPORATIONS 1-12<br>    d/b/a LITTLE SHEEP MONGOLIAN HOT POT,<br>and MICHAEL PUI LUK,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff VALENTIN CASTRO HERNANDEZ ("Plaintiff HERNANDEZ" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, HOT POT IRVINE 1 LLC d/b/a LITTLE SHEEP MONGOLIAN HOT POT, HOT POT SACRAMENTO 1 LLC d/b/a LITTLE SHEEP MONGOLIAN HOTPOT, JOHN DOE CORPORATIONS 1-12 d/b/a LITTLE SHEEP MONGOLIAN HOT POT (collectively, "Corporate Defendants"), and MICHAEL PUI LUK ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff HERNANDEZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the California Labor Code that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime wages, (3) unpaid split shift premiums, (4) statutory penalties for missed rest breaks, (5) statutory penalties for failure to maintain accurate records and produce accurate wage statements, (6) statutory penalties for failure to timely remit earnings upon end of employment, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Central District pursuant to 28 U.S.C. § 1391.

**PARTIES**

5.     Plaintiff HERNANDEZ is a resident of Los Angeles County, California.

6.     Defendants own and operate a chain of Chinese hot pot restaurants as a

single integrated enterprise under the shared trade name "Little Sheep Mongolian Hot

Pot," with various locations in the United States, Canada, China, and Japan. Within

California, Defendants operates twelve (12) restaurant locations with the following

addresses:

(a) 15361 Culver Drive, Irvine, CA 92606;

(b) 7271 Franklin Boulevard, Sacramento, CA 92823;

(c) 1655 S Azusa Avenue, Suite E, Hacienda Heights, CA 91745;

(d) 2575 Pacific Coast Highway, Torrance, CA 90505;

(e) 45 S Fair Oaks Avenue, Pasadena, CA 91105;

(f) 4718 Clairemont Mesa Boulevard, San Diego, CA 92117;

(g) 140 W Valley Boulevard, Suite 213, San Gabriel, CA 91776;

(h) 19062 Stevens Creek Boulevard, Cupertino, CA 95014;

(i) 4068 Grafton Street, Dublin, CA 94568;

(j) 34396 Alvarado Niles Road, Union City, CA 94587;

(k) 215 S Ellsworth Avenue, San Mateo, CA 94401;

(l) 102 Castro Street, Mountain View, CA 94041;

(m)     405 Mason Street, San Francisco, CA 94102.

(collectively, "Little Sheep Restaurants").

7.     HOT POT IRVINE 1 LLC d/b/a LITTLE SHEEP MONGOLIAN HOT POT

is a domestic company with a principal place of business located at 15361 Culver Drive,

Irvine, CA 92606 and an agent for service of process, Wei Song, at the same address.

8.     HOT POT SACRAMENTO 1 d/b/a LITTLE SHEEP MONGOLIAN HOT

POT is a domestic company with a principal place of business located at 7271 Franklin

Boulevard, Sacramento, CA 92823 and an agent for service process at Wenying Zhao,

1445 Koll Cir., Ste 103, San Jose, CA 95112.

9. JOHN DOE CORPORATION 1 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 1655 S Azusa Avenue, Suite E, Hacienda Heights, CA 91745.

10. JOHN DOE CORPORATION 3 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 2575 Pacific Coast Highway, Torrance, CA 90505.

11. JOHN DOE CORPORATION 4 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at Fair Oaks Avenue, Pasadena, CA 91105.

12. JOHN DOE CORPORATION 5 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 4718 Clairemont Mesa Boulevard, San Diego, CA 92117.

13. JOHN DOE CORPORATION 6 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 140 W Valley Boulevard, Suite 213, San Gabriel, CA 91776.

14. JOHN DOE CORPORATION 7 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 19062 Stevens Creek Boulevard, Cupertino, CA 95014.

15. JOHN DOE CORPORATION 8 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 4068 Grafton Street, Dublin, CA 94568.

16. JOHN DOE CORPORATION 9 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 34396 Alvarado Niles Road, Union City, CA 94587.

17. JOHN DOE CORPORATION 10 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 215 S Ellsworth Avenue, San Mateo, CA 94401.

18. JOHN DOE CORPORATION 11 d/b/a LITTLE SHEEP MONGOLIAN

HOT POT is a domestic company with a principal place of business located at 102 Castro Street, Mountain View, CA 94041.

19. JOHN DOE CORPORATION 12 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 405 Mason Street, San Francisco, CA 94102.

20. Individual Defendant MICHAEL PUI LEUNG LUK is a principal and executive officer of Corporate Defendants and has operational control of Little Sheep Restaurants. Individual Defendant exercises the power to (and can also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members at Little Sheep Restaurants. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members.

21. Individual Defendant MICHAEL PUI LEUNG LUK additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Little Sheep Restaurants. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Little Sheep Restaurants is operating efficiently and profitably.

22. Defendants operate Little Sheep Restaurants as a single integrated enterprise. Little Sheep Restaurants are engaged in the same activities, share common ownership, and have a common business purpose. Little Sheep Restaurants use a common trade name and logo, have the same décor and appearance, and share the same menu. Defendants sell gift cards that can be used at any Little Sheep Restaurant location.

Defendants maintain a centralized organizational structure, control, and human resources and implement consistent wage and hour policies, procedures, and employment practices across all Little Sheep Restaurants. Restaurant supplies and employees are interchanged among Little Sheep Restaurants. Little Sheep Restaurants are marketed jointly on Defendants' website, which lists all restaurant locations and allows customers to contact customer service at a common phone number or select any of Defendants' restaurant locations to submit inquiries, comments or feedback. *See* **Exhibit A** (Little Sheep Mongolian Hot Pot Website). Hiring for Little Sheep Restaurants is centrally managed and applicants can apply for a job at any of the restaurant locations on Defendants' website. All Little Sheep Restaurants share the same Facebook page at http://www.facebook.com/littlesheep1999. *See* **Exhibit B** (Little Sheep Mongolian Hot Pot Facebook Page).

23. Although Plaintiff did not work at all of the restaurant locations, the Little Sheep Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because Little Sheep Restaurants share identical unlawful wage and hour policies, Little Sheep Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to Class Members whom Plaintiff seeks to represent.

24. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

25. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

26. From June 2013 until October 2018, Plaintiff HERNANDEZ was employed by Defendants to work as a food preparer at their "Little Sheep Mongolian Hot Pot" restaurant located at 2575 Pacific Coast Hwy, Torrance, CA 90505.

27.     Plaintiff earned $8.25/hour at the start of his employment. His wage was incrementally increased during his period and was raised to $12.50/hour in June 2018, where it remained until he was terminated in October 2018.

28.     Throughout his employment with Defendants, Plaintiff HERNANDEZ's scheduled shifts were Tuesday to Sunday, 11:30am to 3:00pm and then 6:00 pm to 10:00pm, making for an official total of seven-and-a-half (7.5) hours each day and forty-five (45) hours per week. Plaintiff HERNANDEZ was always paid by check and always clocked in and out for these shifts.

29.     However, Plaintiff HERNANDEZ was always forced to work for an hour off the clock after he had already clocked out of his 11:30am to 3:00pm shift.  Thus, he actually worked eight-and-a-half (8.5) hours each day and fifty-one (51) hours per week. He was not paid for the off-the-clock hour he worked each day.

30.     Moreover, Plaintiff HERNANDEZ was also not paid fully even for his official forty-five (45) on-the-clock hours, as he found that he was missing 5-8 hours bi-weekly, owing to Defendants' practice of rounding down his hours worked each day.

31.     As a result of Defendants' unlawful conduct, Defendant was paid only for approximately forty-two (42) of the approximately fifty-one (51) hours he actually worked each week.  Approximately nine (9) overtime hours were shaved from his wages each week for the duration of his employment with Defendants.  Plaintiff Hernandez did not receive appropriate compensation for all hours worked in violation of the FLSA, Wage Order No. 5-2001 ¶¶ 4(B), 11 and Cal. Lab. Code §§ 221, 223.

32.     Despite regularly working over forty (40) hours per week throughout his employment, Plaintiff HERNANDEZ was never paid the proper overtime wages at an overtime rate of one-and-one-half times his regular rate of pay for most of his hours worked in excess of forty in a workweek as required under the FLSA, Wage Order No. 5-2001 ¶ 3 and Cal. Labor Code §§ 510, 1194 et seq., 1198.

33.     Throughout his employment with Defendants, Plaintiff HERNANDEZ regularly worked over eight (8) hours in a single workday. However, he did not receive

the proper overtime wages at an overtime rate of one-and-a-half times his regular rage of pay for the hours worked in excess of eight hours per day, as required by Wage Order No. 5-2001 ¶ 3 and Cal. Labor Code §§ 510, 1194 et seq., 1198.

34.     Defendants also failed to pay Plaintiff HERNANDEZ his split shift premium, in violation of Wage Order 5-2001, paragraph 4(C). Plaintiff was always scheduled to work two separate shifts—i.e., lunch and dinner—with an unpaid, non-working break of longer than an hour in between the shifts. Plaintiff's official unpaid, non-working break was three (3) hours. Even taking into account the one hour he was forced to work off the clock after his first shift, the break in between his two shifts was over an hour, thus entitling him to a split shift premium of one hour's wage at the California minimum wage. Defendants were obligated to, but did not, pay Plaintiff HERNANDEZ this premium.

35.     Plaintiff HERNANDEZ was not allowed any rest breaks during either of his two daily shifts. However, Wage Order No. 5-2001 ¶ 12, issued pursuant to Cal. Lab. Code §§ 226.7, provides that:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

36.     Plaintiff HERNANDEZ therefore should have received two 10-minute rest breaks daily, one during each shift, but these were not authorized by Defendants.

37.     Cal. Lab. Code § 226.7(c) provides: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday

that the meal or rest or recovery period is not provided."

38. Yet Defendants did not so compensate Plaintiff HERNANDEZ for depriving him of his mandated rest break under Wage Order No. 5-2001 ¶ 12.

39. Defendants did not provide Plaintiff HERNANDEZ with proper wage statements as required by Cal. Lab. Code § 226(b). The wage statements that Defendants provided to Plaintiff were deficient because they failed to accurately state the number of hours Plaintiff worked and or the split shift and missed break premiums he was owed, fraudulently indicating he worked fewer hours than he actuall did.

40. Defendant also failed to accurately keep track of all hours worked by Plaintiff HERNANDEZ as required under Wage Order No. 5-2001 ¶ 7, because the off-the-clock hour he worked subsequent to his lunch shift was never recorded.

41. Defendants willfully failed to pay all earned wages (including overtime compensation, wages for off-the-clock work, split shift premiums, and compensation for missed rest breaks) at the time of Plaintiff HERNANDEZ's termination in violation of Labor Code sections 201(a). The purportedly final paycheck received by Plaintiff HERNANDEZ did not include all the compensation he was owed—i.e., payment for all hours worked, overtime hours, split shifts, and missed rest breaks, as alleged above.

42. Other non-exempt employees of Defendants were subject to the same unlawful policies as Plaintiff HERNANDEZ. They were not compensated for all hours work because of off-the-clock work and/or the rounding down of hours. They were not properly compensated for split shifts and denial of lawfully required rest periods. Their wage statements were inaccurate because of all the foregoing. And they were not paid their proper earnings either immediately upon being terminated under Labor Code section 201(a) or within 72 hours of quitting Defendants' employment under Labor Code Section 202(a).

43. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, cashiers, counter persons, bartenders, servers, runners and bussers) employed by Defendants at Little Sheep Restaurants beginning three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

45.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, and failure to pay them overtime premiums for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay.

46.     The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

47.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – CALIFORNIA

48.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, cashiers, counter persons, bartenders, servers, runners and bussers)

employed by Defendants at Little Sheep Restaurants beginning four (4) years prior to the filing of this Complaint (the "Class" or "Class Members").

49. Plaintiff also brings claims for relief on behalf of a subclass consisting of all former non-exempt employees of Defendants who separated from their employment, voluntarily or otherwise, at a Little Sheep Restaurant any point beginning four (4) years prior to the filing of this Complaint ("Waiting Time Subclass").

50. All Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

51. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts required to calculate that number can be obtained are presently within the sole possession and custody of Defendants. Given the number of restaurants operated by Defendants, there is no doubt that there are over one hundred (100) members of the Class.

52. Plaintiff's claims are typical of claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to compensate them for all hours worked due to Defendants' policy and practice of time-shaving, (ii) failing to pay them overtime wages for hours worked in excess of eight (8) per day or forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, (iii) failing to pay employees proper premiums for split shifts under Wage Order No. 5-2001, (iv) failing to compensate employees for missed rest breaks under Wage Order No. 5-2001 ¶ 12 and Cal. Lab. Code §§ 226.7 (v) failing to provide proper

wage notices under California Labor Code § 226(a) and to accurately record all hours worked under IWC Wage Order No. 5-2001 paragraph 7, and (vi) failing to timely remit all wages due upon ending of employment under California Labor Code § 201(a) or § 202(a).

53. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

54. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent

and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56.     Defendants and other employers throughout the State violate federal and California labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

57.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including the following:

a)  Whether Defendants employed Plaintiff and Class Members within the meaning of the California Labor Code;

b)  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)  Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants failed to properly compensate Class Members for all of their hours worked due to a policy of time-shaving;

f) Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate of at least one-and-one-half times their regular rates of pay for all hours worked in excess of eight (8) each day or forty (40) each workweek;

g) Whether Defendants paid Plaintiff and Class Members the proper premiums for split shifts under the California Labor Code;

h) Whether Defendants afforded Plaintiff and Class Members proper rest periods as required under the California Labor Code;

i) Whether Defendants provided proper wage statements to Plaintiff and Class Members that accurately reflected their hours worked and accurately recorded these hours, as required by the California Labor Code;

j) Whether Defendants timely paid members of the Waiting Time Subclass upon the ending of their employment, as required by the California Labor Code.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

58. Plaintiff, on behalf of himself, the FLSA collective, and the Class, realleges and incorporates all the above allegations as if fully set forth herein.

59. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA

Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

61.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

62.     At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for all hours worked due to Defendants' policy of time-shaving.

63.     At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the FLSA.

64.     Records of the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

65.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew such was due.

66.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

67.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

68.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and

FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime wages, plus an equal amount in liquidated damages.

69. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PAY FOR ALL HOURS WORKED

### (Wage Order No. 5-2001 ¶¶ 4(B), 11; Cal. Lab. Code §§ 221, 223)

70. Plaintiff, on behalf of himself and the Class, incorporates all the above allegations as if fully set forth herein.

71. Paragraph 4(B) of the Wage Order provides that all employers must "pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period...."

72. As alleged above, Defendants required Plaintiff and the Class members to work uncompensated, off-the-clock hours in between shifts and further time shaved by rounding down their recorded work-hours.

73. As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of compensation for all hours worked in amounts to be determined and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

## COUNT III

## FAILURE TO PAY OVERTIME WAGES

### (Wage Order No. 5-2001 ¶ 3; Cal. Labor Code §§ 510, 1194 et seq., 1198)

74. Plaintiff, on behalf of himself and the Class, incorporates the above allegations as if fully set forth herein.

75. California Labor Code § 510(a) provides, in pertinent part, as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in

any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

76. California Labor Code § 1194 provides, in pertinent part, as follows:

any employee receiving less than the . . . legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

77. Paragraph 3(A) of Wage Order No. 5-2001 provides, in pertinent part, as follows:

[E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime . . .

78. Plaintiff and the Class members did not receive proper compensation for all hours worked in excess of eight (8) hours per day or forty (40) hours per week.

79. By their conduct described above, Defendants violated, inter alia, the provisions of California Labor Code §§ 510, 1194, 1198, and Paragraph 3 of Wage Order No. 5-2001 and are therefore liable to Plaintiff and the Class members for the damages caused.

80. As described above, Defendants required employees to work off the clock in between shifts and then further shaved their wages by rounding down their on-the-clock work-hours. Once all these worked but unacknowledged and uncompensated hours are considered, employees are entitled to overtime wages beyond any which they may have been paid.

81. As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of overtime compensation in

amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

**COUNT IV**

**FAILURE TO PROVIDE REST PERIODS**

**(Wage Order No. 5-2001 ¶ 12; Cal. Lab. Code §§ 226.7)**

82.     Plaintiff, on her own behalf and on behalf of all Class members, incorporates the above allegations as if fully set forth herein.

83.     Paragraph 12(A) of the Wage Order authorizes employees to take paid rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

84.     Cal. Labor Code § 226.7(a) provides: "No employer shall require an employee to work during any . . . rest period mandated by an applicable order of the Industrial Welfare Commission."

85.     Plaintiff and Class members routinely and uniformly were not provided with the rest periods to which they were entitled, which amounted to a total of one to three rest periods per day, depending upon the actual length of the employee's workday. By failing to provide Plaintiffs with these rest periods, Defendants violated Paragraph 12 of the Wage Order and California Labor Code section 226.7.

86.     As a result of the unlawful acts of Defendants set forth herein, Plaintiff and Class members have been unfairly and illegally deprived of up to three rest periods per day, and are entitled to one additional hour of premium pay for each missed rest period, as per Cal. Lab. Code § 226.7(c).

CLASS AND COLLECTIVE ACTION COMPLAINT

**COUNT V**

**SPLIT SHIFT PREMIUM PAY**

**(Wage Order No. 5-2001 ¶ 4)**

87.     Plaintiff, on behalf of himself and the Class, incorporates the above allegations as if fully set forth herein.

88.     Paragraph 2(R) of the Wage Order defines "split shift" as "a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." Paragraph 4(C) requires that "[w]hen an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday."

89.     As alleged above, Defendants routinely scheduled employees, including Plaintiff, to work "doubles," e.g., to work both the lunch and dinner shift in the same day. Yet Defendants failed to pay these employees split shift premiums required under law.

90.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of split shift premium pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

**COUNT VI**

**STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS**

**(Wage Order No. 5-2001 ¶ 7; Cal. Lab. Code § 226(b))**

91.     Plaintiff, on behalf of himself and Class members, incorporates the above allegations as if fully set forth herein.

92.     California Labor Code § 226(a) provides, in pertinent part, as follows:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized

statement in writing showing . . . gross wages earned, . . . total hours worked
by the employee . . .

93. Defendants violated California Labor Code § 226(a) because the wage statements they provided Plaintiff and Class members did not accurately represent the total hours they worked, excluding as it did off-the-clock hours and time shaved by rounding down hours worked.

94. IWC Wage Order No. 5-2001 paragraph 7 provides, in pertinent part, as follows:

Every employer shall keep accurate information with respect to each employee including the following:

* * *

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. …

(5) Total hours worked in the payroll period and applicable rates of pay.

95. Defendants have violated this Wage Order provision with respect to Plaintiff and the Class members by failing to keep accurate time records showing all hours worked. Plaintiff and Class members were forced to work uncompensated, off-the-clock hours, which were not properly included in Defendants' records.

96. California Labor Code § 226(e) provides, in pertinent part, as follows:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees.

97. California Labor Code § 226(g) provides, in pertinent part, as follows: "An employee may also bring an action for injunctive relief to ensure compliance with this

section, and is entitled to an award of costs and reasonable attorney's fees."

98.     Defendants' violations of the Labor Code section and the Wage Order recited above have been knowing and intentional. They knew they were making Plaintiff and Class members work off the clock and knew they were time shaving by rounding down hours worked.

99.     Plaintiff and the Class members have been misled, misinformed, deceived, defrauded, underpaid and otherwise injured as a result of said violations.

100.    As a result of the aforesaid wrongful and illegal conduct of Defendants, Plaintiff and each Class member herein are entitled to penalties in the amount of $50 for the initial pay period for each violation by Defendants, and $100 for each such violation in every subsequent pay period during the relevant limitations period.

101.    As a result of the aforesaid wrongful and illegal conduct of Defendants, Plaintiff and Class members are also entitled to injunctive relief, costs and attorney's fees.

## COUNT VII

## WAITING TIME PAY

### (Cal. Lab. Code §§ 201-203, 206)

102.    Plaintiff, on her own behalf and on behalf of the members of the Waiting Time Subclass (the "Subclass"), incorporates the above allegations as if fully set forth herein.

103.    California Labor Code § 201(a) provides, in pertinent part, as follows: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

104.    California Labor Code § 202(a) provides, in pertinent part, as follows:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

105.   Where an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 through 203 of the California Labor Code, all wages due to an employee who has been discharged or has quit, California Labor Code §203 entitles the affected employee to receive from the employer a penalty of up to 30 days wages calculated from the due date of the wages until the time an action to recover the wages is commenced.

106.   The sums that Defendants paid to Plaintiff HERNANDEZ and other members of the Subclass upon the end of their employment with Defendants did not include payment for all the hours shaved from their wage statement over the period of their employment with Defendants, as detailed above. Thus, Defendants have failed to pay earned wages (including but not limited to overtime compensation, premium pay for missed rest breaks, and split shift premiums) to Plaintiff and the Subclass members at the time they became due and payable, and have thus violated sections 201, 202 and 206 of the California Labor Code.

107.   Defendants' failure to pay wages as alleged herein was willful in that Defendants knew that Plaintiff and the Subclass members were not receiving all of their earned compensation, since it was aware of all the practices described above.

108.   As to each of the Subclass members (including Plaintiff), it has been more than 30 days since the date of termination of employment.

109.   As a result of Defendants' willful, unlawful acts, discussed herein, Plaintiff and the Subclass members are each entitled to recover, pursuant to California Labor Code §203, continuing wages as a penalty for a total of 30 days.

## COUNT VIII

## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

### (Cal. Civ. Code §§ 2223, 2224)

110.   Plaintiff, on behalf of himself and the Class, incorporates all the above allegations as if fully set forth herein.

111.   Defendants have knowingly and intentionally failed to pay Plaintiff and the Class members all compensation for employment that was and is due to them under the law.

112.   The work performed by Plaintiff and the Class members, for which they have not received full and fair compensation, was at the direction and behest of Defendants. Plaintiff and the Class members did not perform this work gratuitously, but with the expectation that they would receive wages and compensation in amounts and in a manner that fully complied with the law.

113.   Said underpaid compensation is rightfully the property of Plaintiff and the Class members.

114.   Defendants' retention of said underpaid wages is wrongful, inequitable and represents an unjust enrichment of Defendants to the detriment of the Plaintiff and Class members. Defendants' wrongful retention of such underpaid wages and premium pay makes them involuntary trustees of said property, and as such Defendants have a duty to re-convey to Plaintiff and the Class members said unpaid and underpaid wages and premium pay that are rightfully the property of Plaintiff and the Class members.

## COUNT IX

## VIOLATION OF UNFAIR COMPETITION LAW

### (Cal. Bus. & Prof. Code §§ 17200 et seq.)

115.   Plaintiff, on behalf of himself and the Class, incorporates the above allegations as if fully set forth herein.

116.   By their actions described in this Complaint, Defendants have committed

unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code section 17200 et seq. (the "UCL").

117. California Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure that employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those employers who try to gain competitive advantage by not complying at the expense of the health, safety and welfare of their employees.

118. As set forth above, Defendants have refused to provide employees with rest breaks, failed to give them their split shift premium, failed to properly pay employees for all hours worked, failed to properly pay overtime, failed to timely pay all wages due at the end of employment, and failed to comply with recordkeeping and wage statement requirements.

119. As a result of these actions, Defendants have engaged in unfair competition within the meaning of the UCL because their conduct has violated state wage and hour laws and policies, including but not limited to Labor Code sections 201, 202, 204, 221, 223, 226, 226.7, 510, 1194 et seq., 1198 and Paragraphs 3, 4, 7, 11, and 12 of the Wage Order.

120. Defendants' conduct as described herein has been anti-competitive and injurious to Defendants' competitors who complied with the laws and policies violated by Defendants, as Defendants' conduct provided an unfair and illegal advantage in the marketplace as a result of, inter alia, paying less for the labor of their employees than is required by law.

121. As a result of said violations, Plaintiff and the Class members have been injured and are entitled to restitution and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the California Labor Code;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid wages for hours worked due under the FLSA and the California Labor Code;

d.   An award of unpaid overtime wages due under the FLSA and the California Labor Code;

e.   An award of unpaid split shift and missed rest break premiums due under the California Labor Code;

f.   An award of statutory penalties as a result of Defendants' failure to comply with the California Labor Code wage notice and wage statement requirements;

g.   An award of statutory penalties to the Waiting Time Subclass as a result of Defendants' failure to comply with the California Labor Code requirement to timely pay all earnings due upon the ending of employment;

h.   An award of liquidated damages as a result of Defendants' willful failure to pay proper wages pursuant to the FLSA;

i.   An award of liquidated damages as a result of Defendants' willful failure to pay proper wages pursuant to the California Labor Code;

j.   An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

k.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representative of the Class and the Waiting Time Subclass; and

n.  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and the Class, demands trial by jury on all issues so triable as of right by jury.

DATED: July 24, 2020

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

*/s/ Ted K. Lippincott*
Ted K. Lippincott, Esq.

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*